COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Bumgardner and Frank
Argued at Richmond, Virginia


TANYA N. HARRIS
                                                    MEMORANDUM OPINION* BY
v.        Record No. 2154-04-2                      JUDGE RUDOLPH BUMGARDNER, III
                                                    OCTOBER 4, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Margaret P. Spencer, Judge

Gregory W. Franklin, Senior Appellate Defender (Office of the
Public Defender, on briefs), for appellant.

Josephine F. Walen, Assistant Attorney General (Judith W.
Jagdmann, Attorney General, on brief), for appellee.


        Tanya N. Harris was charged with three counts of embezzlement occurring November 10,

2003, January 22, 2004, and February 4, 2004, Code § 18.2-111. The trial court convicted her of

the first two offenses and acquitted her of the third. The defendant contends the evidence was

insufficient to prove an embezzlement on November 10, 2003. Finding no error, we affirm.

        On appeal, we view the evidence and the reasonable inferences fairly deducible

therefrom in the light most favorable to the Commonwealth. Commonwealth v. Hudson, 265

Va. 505, 513, 578 S.E.2d 781, 785, cert. denied, 540 U.S. 972 (2003). The defendant worked as

a bank teller. At the end of business November 10, the cash in her cash drawer did not match the

transactional journal. An audit[1] revealed a shortage of $765 "and there were no corrections for

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] An audit calculates beginning and ending cash balances for the day and compares that
figure with the teller's electronic transactional journal.

it." A bank operations specialist spoke with the defendant, but the defendant offered no explanation for the shortage. Only the defendant had access to her cash drawer.

On January 22, the bank conducted a second audit of the defendant's cash drawer and discovered a shortage of $597.83. Two bank officials interviewed the defendant on February 3, and asked her to explain her shortfalls. The defendant "wanted us to believe that she was having difficulty with the teller system, and that was what attributed to her losses." After the interview, an audit of defendant's cash transactions on January 22, 2004 revealed that six $100 bills were missing.

The bank officials interviewed the defendant again on February 4. The defendant repeatedly denied knowing what caused the shortages and provided a written statement that said she "misplaced/lost" $600 and apologized for her mistakes. The bank's security coordinator was not satisfied with the explanation and pressed her during the interview. The defendant then confessed, "okay, fine, I took the $600," put it in her purse, and later spent it. An audit of the defendant's cash transactions for that day, conducted during the interview, revealed the defendant was short thirteen $100 bills.

At trial, the defendant denied taking any money from the bank. She conceded making the statement that she took $600 but claimed she was being sarcastic. The defendant argued the evidence proved she was "short without explanation" on November 10, 2003, but failed to prove "criminal liability in regard to the missing or unlocated money."

An audit revealed the defendant was short $765 on November 10, 2003. No transactional errors explained the shortage. The defendant had exclusive access to her cash drawer and could provide no explanation for the shortage. On January 22, 2004 an audit showed the defendant had a shortage of six $100 bills, and the defendant admitted she stole the $600. The shortage on

November 10, 2003 was similar to that of January 22, 2004.  On both occasions the bank's audit confirmed the cash shortage when the defendant had exclusive access to the cash.

The defendant argues the Commonwealth impermissibly used the facts relating to the $600 "as affirmative evidence of guilt" on November 10.  However, she did not raise this argument to the trial court and we will not consider it on appeal.  See Rule 5A:18; Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).  In addition, in a joint trial, evidence of all charged offenses is admissible.  Thus, "one occurrence can be used as proof of another . . . [when] the circumstances were in each case substantially similar."  Charles E. Friend, The Law of Evidence in Virginia § 12-10, at 467 (6th ed. 2004).

"The inferences to be drawn from proved facts are within the province of [the fact finder], so long as the inferences are reasonable and justified."  Webb v. Commonwealth, 204 Va. 24, 34, 129 S.E.2d 22, 29 (1963).  "Whether a hypothesis of innocence is reasonable is a question of fact."  Marable v. Commonwealth, 27 Va. App. 505, 510, 500 S.E.2d 233, 235 (1998).  When relying on circumstantial evidence, the Commonwealth is "not required to disprove every remote possibility of innocence, but is, instead, required only to establish guilt of the accused to the exclusion of a reasonable doubt."  Bridgeman v. Commonwealth, 3 Va. App. 523, 527, 351 S.E.2d 598, 600 (1986).

The Commonwealth must prove the defendant wrongfully appropriated for her own use or benefit, with the intent to deprive the owner thereof, the property of another which has been entrusted to her by reason of her employment.  Code § 18.2-111.  See C.D. Smith v. Commonwealth, 222 Va. 646, 649, 283 S.E.2d 209, 210 (1981).  The January and November cash shortages were similar:  money was missing from the cash drawer to which the defendant had exclusive access, and no transactional explanation accounted for the loss.  The shortages in November and February reflect a pattern consistent with the January embezzlement that the

defendant acknowledged.  While at trial the defendant denied any wrongdoing, she provided no credible explanation for the shortages.  The trial court was entitled to discredit the defendant's self-serving testimony and to conclude she lied to conceal her guilt.  Marable, 27 Va. App. at 509, 500 S.E.2d at 235.

On appeal, we consider whether any rational trier of fact "could have rejected [the defendant's] theories in [her] defense and found [her] . . . guilty beyond a reasonable doubt." Hudson, 265 Va. at 513, 578 S.E.2d at 785.  From the facts presented, the trial court could infer the defendant took $765 from the bank on November 10.  Accordingly, we affirm.

Affirmed.